UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| BIG BOB'S FLOORING OUTLET OF AMERICA, INC., FLOORS & MORE, LLC, and VINCENT VIRGA, <br><br> Petitioners. <br><br> v. <br><br> JOSEPH ELYACHAR and MICHAEL ELYACHAR <br><br> Respondents. | |

## PETITION TO COMPEL ARBITRATION

Big Bob's Flooring Outlet of America, Inc., Floors & More, LLC, and Vincent Virga (collectively referred to herein as the "Petitioners"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, hereby request that this Court issue an order compelling Joseph Elyachar and Michael Elyachar (collectively referred to herein as the "Respondents"),[1] to arbitrate all claims arising under or related to the subject arbitration agreement. As discussed in more detail below, a clear and unambiguous arbitration clause in a written agreement between the Parties requires "any dispute arising under or related to" the subject arbitration agreement to be committed to binding arbitration before the American Arbitration Association ("AAA") in Boston, Massachusetts, not proceedings in court. Nonetheless, the Respondents filed a state court action in Missouri against the Petitioners comprised of seven (7) claims that are directly related to the subject-matter of the written arbitration agreement. Now, after receiving an arbitration demand from the Petitioners, the Respondents still have refused to submit this case to arbitration.

---

[1] The Petitioners and Respondents are collectively referred to herein as the "Parties".

**Nature of the Action**

1. This is an action brought pursuant the FAA, 9 U.S.C. § 4, to compel arbitration. Pursuant to the written "Stockholders' Agreement Big Bob's Flooring Outlet of America" ("Stockholders' Agreement") entered into by and between the Petitioner, Floors & More, LLC, by its Manager Vincent Virga, and the Respondents, Joseph Elyachar and Michael Elyachar, the Parties agreed to submit all disputes arising out of or relating to the Stockholders' Agreement to arbitration to be conducted in Boston before the AAA.[2]

2. On May 22, 2020, however, the Respondents filed a Petition against the Petitioners in the Circuit Court of Jackson County, Missouri at Kansas City, captioned *Joseph Elyachar and Michael Elyachar v. Big Bob's Flooring Outlet of America, Inc.*, *et. al.*, Civil Action No. 2016-CV12282 ("Missouri Litigation"). A copy of that Petition is attached hereto as **Exhibit A**.

3. In the Missouri Litigation, the Respondents assert seven (7) claims, all of which relate directly to the subject-matter of the written Stockholders' Agreement.

4. By this action, the Petitioners seek to compel the Respondents to arbitrate the disputes set forth in their Notice of Failure to Arbitrate ("Demand for Arbitration"), including all claims brought in the Missouri Litigation, as required by the subject written arbitration agreement. A copy of the Petitioners' duly-served Demand for Arbitration is attached hereto as **Exhibit B**.

**The Parties**

5. The Petitioner, Floors & More, LLC ("Floors & More"), is a Massachusetts Limited Liability Company with an office at 470 Southbridge Street in Auburn, Massachusetts. In addition, Floors & More's only member, Vincent Virga, resides at 159 Old Westborough Road,

---

[2] The Stockholders' Agreement was also executed by non-parties Bradley M. Cotlar and David Elyachar.

North Grafton, Massachusetts and 3892 NW 49th CT, Ocala, Florida.  Floors & More may be contacted through the undersigned counsel.

6.      The Petitioner, Vincent Virga ("Mr. Virga"), is an adult citizen of Massachusetts and Florida.  Mr. Virga may be contacted through the undersigned counsel.

7.      The Petitioner, Big Bob's Flooring Outlet of America, Inc. ("BBOA"), is a Missouri corporation and has a principal office at 470 Southbridge Street in Auburn, Massachusetts.  BBOA may be contacted through the undersigned counsel.

8.      Upon information and belief, the Respondent, Joseph Elyachar, is an adult citizen of Johnson County, Kansas.

9.      Upon information and belief, the Respondent, Michael Elyachar, is an adult citizen of Johnson County, Kansas.

## Jurisdiction and Venue

10.     This action arises under the FAA, 9 U.S.C. § 1, *et seq.*

11.     This Court has original subject matter jurisdiction of this action because, save for the Parties' written agreement to arbitrate, this Court would have jurisdiction under 28 U.S.C. § 1332 as a civil action arising out of the controversy between the Parties, in that the Parties are citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12.     Venue is proper in this Court under 9 U.S.C. § 4 because this is the United States District Court having jurisdiction over the contractually specified site of arbitration in Boston, Massachusetts.

**The Parties' Arbitration Agreement**

13. On or about January 15, 2016, BBOA entered into the subject Stockholders' Agreement. *See* **Exhibit 1** to **Exhibit A** at pp. 21-31. The Stockholders' Agreement was signed by Floors & More, Joseph Elyachar, Michael Elyachar, and non-parties David Elyachar and Bradley Cotlar.

14. Under Article XIII ("Resolution of Disputes") of the Stockholders' Agreement, the Parties explicitly agreed that they would submit all disputes arising out of or relating to the Stockholders' Agreement to arbitration before the AAA. Article XIII of the Stockholders' Agreement provides, in pertinent part, that:

> "The parties agree that any dispute arising under or related to this agreement shall be resolved by arbitration by the American Arbitration Association ("AAA") at its offices in Boston, Massachusetts under its commercial arbitration rules."

15. The written Stockholders' Agreement is valid, has not been revoked, and is enforceable upon such grounds as exist at law or in equity.

16. The Petitioners are not in default in proceeding with arbitration by failing, neglecting, or refusing to arbitrate under the Stockholders' Agreement.

**Respondents Have Failed and Refused to Arbitrate the Parties' Disputes**

17. Notwithstanding their contractual obligation to arbitrate, the Respondents have failed and refused to arbitrate.

18. On May 22, 2020, the Respondents filed the Missouri Litigation.

19. In addition, the Respondents failed and refused to arbitrate the Parties' disputes after receiving the Petitioners' Demand for Arbitration.

20. As set forth above, the arbitration clause in the Stockholders' Agreement applies to "any dispute arising under or related to this agreement".

21. All the Respondents' claims in the Missouri Litigation unequivocally arise from or relate to the Stockholders' Agreement. Count I of the Petition in the Missouri Litigation alleges breach of the Stockholders' Agreement. Count II alleges breach of duties arising under the Stockholders' Agreement. Count III alleges the Stockholders' Agreement was fraudulently induced. The remaining counts are all based on alleged duties owed by the Petitioners, or rights allegedly possessed by the Respondents, arising under or related to the Stockholders' Agreement. *See also*, *e.g.*:

| CAUSE OF ACTION | EXAMPLES OF RELEVANCE TO STOCKHOLDERS' AGREEMENT |
|---|---|
| "Count I: Breach of Contract – Stockholders' Agreement (Joseph Elyachar and Michael Elyachar against Floors & More and Virga)" | "Joseph Elyachar and Michael Elyachar entered into the Stockholders' Agreement with Floors & More and Virga." (Petition, ¶ 50)<br><br>"Virga and Floors & More failed to perform under the Stockholders' Agreement." (Petition, ¶ 52)<br><br>"Virga and Floors & More failed to perform under the Stockholders' Agreement by: (1) failing to make distributions to Joseph Elyachar and Michael Elyachar; and (2) failing to have "[a]ny and all flooring, cabinet or counter, or paint businesses" owned by Virga and/or Floors & More be "franchises of BBOA." (Petition, ¶ 53) |
| "COUNT II: Breach of the Duty of Good Faith and Fair Dealing - Stockholders' Agreement (Pled in the Alternative) (Joseph Elyachar and Michael Elyachar against Floors & More and Virga)" | "Floors & More and Virga engaged in actions which are set out in detail herein that breached their duties to act in good faith and deal fairly with regards to the Stockholders' Agreement's performance and enforcement." (Petition, ¶ 58) |
| "COUNT III: Fraudulent Misrepresentation (Joseph Elyachar and Michael Elyachar against BBOA and Virga)" | "BBOA and Virga, in the course of their business or profession, supplied false information for the guidance of Joseph Elyachar and Michael Elyachar in their purchase of BBOA stock…." (Petition, ¶ 61) |
| "COUNT IV: Accounting (Joseph Elyachar and Michael Elyachar against BBOA)" | "Joseph Elyachar and Michael Elyachar each own 1,500 shares of BBOA's Class B, Non-Voting Common Stock." (Petition, ¶ 72) |

| | |
|---|---|
| | "A dispute exists concerning the amount, if any, of distributions and/or dividends to which Joseph Elyachar and Michael Elyachar are entitled." (Petition, ¶ 74) |
| "COUNT V: Breach of Fiduciary Duty (Joseph Elyachar and Michael Elyachar against BBOA, Floors & More and Virga)" | "Joseph Elyachar and Michael Elyachar each own 1,500 shares of BBOA's Class B, Non-Voting Common Stock." (Petition, ¶ 78)<br><br>"Floors & More and Virga have engaged in numerous acts and omissions which have oppressed fiduciary duties owed to Joseph Elyachar and Michael Elyachar…." (Petition, ¶ 80) |
| "COUNT VI: Minority Shareholder Oppression / Judicial Dissolution (Joseph Elyachar and Michael Elyachar against BBOA)" | "Floors & More and Virga have engaged in numerous acts and omissions which have oppressed fiduciary duties owed to Joseph Elyachar and Michael Elyachar, including…." (Petition, ¶ 89)<br><br>"Virga used his control of BBOA to produce BBOA action designed to operate unfairly to Joseph Elyachar and Michael Elyachar, and to obtain an advantage for Virga at the expense of and injury to Joseph Elyachar and Michael Elyachar." (Petition, ¶ 91) |
| "COUNT VII: Mandamus (Joseph Elyachar and Michael Elyachar against Virga and BBOA)" | "Joseph Elyachar and Michael Elyachar made written demand upon BBOA and Virga to allow Joseph Elyachar and Michael Elyachar access to BBOA's corporate books and records of account." (Petition, ¶ 98)<br><br>"BBOA and Virga failed and refused to provide Joseph Elyachar and Michael Elyachar full access to BBOA's corporate books and records of account." (Petition, ¶ 99) |

22.     Although each of the Respondents' claims are clearly covered by the arbitration clause, to the extent there is any ambiguity, it should be resolved in favor of arbitration. *See AT&T Tech., Inc. v. Communication Workers of Am.*, 475 U.S. 643, 650 (1986) (FAA creates the presumption that a contractual arbitration clause must be enforced unless "it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the

asserted dispute"); *Williams v. HealthAlliance Hospitals, Inc.*, 158 F. Supp. 2d 156, 159 (D. Mass. 2001) ("[A]ny doubt over whether a particular dispute is covered by an arbitration agreement should be resolved in favor of arbitration").  This is particularly true where, as here, the arbitration agreement is broad enough to include all disputes arising from or relating to the relevant contract. *See AT&T Tech., Inc.*, 475 U.S. at 650 (internal citations omitted) ("In such cases, '[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'").

## Specific Relief to Compel Arbitration

23. Respondents' actions constitute a failure, neglect and/or refusal on their part to arbitrate in accordance with Stockholders' Agreement.

24. Petitioners have no adequate remedy at law.

25. No previous Petition has been made for the relief requested herein.

## Prayers for Relief

WHEREFORE, the Petitioners respectfully request for the following relief against Respondents:

A. An order pursuant to Section 4 of the FAA, compelling arbitration in accordance with the terms of the Parties' arbitration agreement;

B. An award of reasonable attorneys' fees, expenses and costs incurred by the Petitioners in this action; and

C. Such other relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BIG BOB'S FLOORING OUTLET OF AMERICA, INC., FLOORS & MORE, LLC, and VINCENT VIRGA, |
|  | By their attorney, |
|  | */s/ Scott E. Regan*_____ <br> Scott E. Regan (BBO# 681986) <br> sregan@fletchertilton.com <br> FLETCHER TILTON PC <br> 370 Main Street, 12th Floor <br> Worcester, MA 01608 |
| July 23, 2020 | T: (508) 459-8220 / F: (508) 459-8420 |