Exhibit A

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI,
AT KANSAS CITY**

| | |
|---|---|
| JOSEPH ELYACHAR <br><br> and <br><br> MICHAEL ELYACHAR, <br><br>       Plaintiffs, <br><br> v. <br><br> BIG BOB'S FLOORING OUTLET OF AMERICA, INC. <br><br> and <br><br> FLOORS & MORE, LLC <br><br> and <br><br> VINCENT VIRGA, <br><br>       Defendants. | Case No.    2016-CV12282 <br><br> Division    1 |

**ORDER DENYING DEFENDANT'S, FLOORS & MORE, LLC AND VINCENT VIRGA, MOTION TO DISMISS AND DENYING DEFENDANT'S, FLOORS & MORE, LLC, VINCENT VIRGA AND BIG BOB'S FLOORING OUTLET OF AMERICA, INC., MOTION TO STAY**

The Court now takes up Defendants' Suggestions in Support of Their Motion to Dismiss, or Alternatively Stay This Action in Favor of Arbitration, filed herein on July 24, 2020. The Court has reviewed the Motion, Suggestions in Opposition and the applicable law and now makes the following orders:

**I. Motion to Dismiss**

In motion to dismiss for lack of personal jurisdiction the "court must consider whether the allegations in the petition, if taken as true, establish facts adequate to invoke personal jurisdiction." *Fulton v. The Bunker Extreme, Inc.*, 343 S.W.3d 9, 12 (Mo. Ct. App. 2011). When there is a challenge to the circuit court's jurisdiction over a defendant, the burden shifts to the plaintiff to make a prima facie showing of jurisdiction. *Lindley v. Midwest Pulmonary Consultants, P.C.*, 55

S.W.3d 906, 909 (Mo. App. 2001). A plaintiff is required to make a prima facie showing by alleging facts sufficient to support "a reasonable inference that the defendants can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011).

This involves a two-step analysis, first the Court must "determine whether the defendant's conduct satisfies Missouri's long-arm statute, Section 506.500, RSMo 2000." *Getz v. TM Salinas, Inc.*, 412 S.W.3d 441, 447 (Mo. Ct. App. 2013). "If it does, then [the Court] must next determine whether the defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the defendant comports with due process." *Id.* Due process prohibits courts from exercising personal jurisdiction over a defendant where doing so would offend "traditional notions of fair play and substantial justice." *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227, 232 (Mo. S. Ct. 2010).

R.S.Mo. §506.500 reads, in part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(3) The commission of a tortious act within this state;

"Subsection (1) of the long-arm statute, which extends jurisdiction over out-of state defendants for the 'transaction of any business,' must be construed broadly." *Wilson Tool & Die, Inc. v. TBDN-Tennessee Co.*, 237 S.W.3d 611, 615 (Mo. Ct. App. 2007). "A business transaction, for purposes of this statute, may consist of a single transaction if it is the transaction that gives rise to the lawsuit." *Id.* Under subsection (3), an out-of-state defendant has committed "a tortious act

within this state" when it is foreseeable that their acts could have consequences in this state. *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 372 (Mo Ct. App. W.D. 2010).

The allegations in Plaintiff's Petition are taken as true in reviewing a motion to dismiss. Plaintiff's Petition alleges that Defendant BBOA is a Missouri Corporation. (*See* ¶ 6). Floors and More, LLC is owned solely by Virga. (*See* ¶ 9). In 2015, Virga purchased a 70% interest in BBOA. (*See* ¶ 2). This satisfies R.S.Mo. §506.500. Virga continued to conduct business in the state by converting "Big Bob's" stores into "Floors & Kitchens Today" stores. (*See* ¶ 35). Additionally, it is foreseeable that Defendants, through operating a Missouri Corporation, acts could have consequences within this state. Plaintiffs Petition alleges facts that meet Missouri's long-arm statute.

Due process requires that a defendant have a certain minimum contacts with the state, "the focus is on whether there be some act which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being hauled into court there." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

Defendants purchased a Missouri Corporation, BBOA. This court has exclusive power to judicially dissolve BBOA because "the dissolution of a corporation is governed and controlled solely by the laws of the state of its creation and cannot be accomplished by the courts of another state." 19 C.J.S. Corporations §1001. Defendants should, therefore, have reasonably anticipate being hauled into court in this state.

The Motion to Dismiss is Denied.

**II. Motion to Stay in Favor of Arbitration**

Plaintiffs' judicial dissolution claim does not arise out of the stockholder agreement. The Plaintiffs' Petition seeks relief that is not subject to the arbitration clause.

The Motion to Stay in Favor of Arbitration is Denied.

**IT IS HEREBY ORDERED** that Defendants' Suggestions in Support of Their Motion to Dismiss, or Alternatively Stay This Action in Favor of Arbitration, filed herein on July 24, 2020, is **OVERRULED.**

**IT IS SO ORDERED.**

Date: 10/22/20

JACK GRATE, Senior Circuit Judge

I certify that copies of the foregoing were e-filed or mailed this 10/22/20 to:

Katherine Myers
Bret Kassen

_____, Judicial Law Clerk

4